United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Steven Lyles  
      Debtor

Case No. 18-15030-elf  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: admin      Page 1 of 1      Date Rcvd: Nov 23, 2018  
                          Form ID: 318      Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 25, 2018.
```
db            +Steven Lyles,    3839 Marshall Road,    Drexel Hill, PA 19026-3504
14173826       Delaware County DRS,    2nd & Orange Streets,    Media, PA 19063
14173827      +FV-1, Inc. in Trust for Morgan Stanley,    Mortgage Capital Holdings LLC,    8742 Lucent Blvd.,
                 Suite 300,    Littleton, CO 80129-2386
14196104      +Santander Bank, N.A.,    824 North Market Street,    Suite 100,    Wilmington, DE 19801-4937
14173828       Specialized Loan Servicing, LLC,    8472 Lucent Blvd., Suite 300,    Littleton, CO 80129
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: megan.harper@phila.gov Nov 23 2018 22:53:06     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 23 2018 22:52:38
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 23 2018 22:52:56     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14200230      +EDI: ECMC.COM Nov 24 2018 03:53:00      ECMC,    PO BOX 16408,    ST. PAUL, MN 55116-0408
                                                                                             TOTAL: 4
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14196102*      Delaware County DRS,    2nd & Orange Streets,    Media, PA 19063
14196103*     +FV-1, Inc. in Trust for Morgan Stanley,    Mortgage Capital Holdings LLC,    8742 Lucent Blvd.,
                 Suite 300,    Littleton, CO 80129-2386
14196105*      Specialized Loan Servicing, LLC,    8472 Lucent Blvd., Suite 300,    Littleton, CO 80129
                                                                                     TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 25, 2018                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 22, 2018 at the address(es) listed below:
```
              GARY F. SEITZ    gseitz@gsbblaw.com, gfs@trustesolutions.net
              KEVIN G. MCDONALD    on behalf of Creditor    FV-I. INC. IN TRUST FOR MORGAN STANLEY MORTGAGE
               CAPITAL HOLDINGS LLC bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              ZACHARY   PERLICK    on behalf of Debtor Steven  Lyles Perlick@verizon.net, pireland1@verizon.net
                                                                                             TOTAL: 4
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Steven Lyles** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  **xxx–xx–9973** <br> EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | _____ <br> First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | | |
| Case number: **18–15030–elf** | | |

# Order of Discharge                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Steven Lyles

11/22/18                                                **By the court:**  Eric L. Frank
                                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318 **Order of Discharge** page 2